UNITED STATES of America,
Plaintiff—Appellee,

v.

**Jose Angel MARTINEZ–GARDUNO,
aka Hector Garcia–Jimenez,
Defendant—Appellant.**

No. 01–10343.
D.C. No. CR–00–00314–KJD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2002.

Decided Feb. 26, 2002.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM*

Jose Angel Martinez–Garduno appeals his conviction for violation of 8 U.S.C. § 1326. We affirm.

---

* This disposition is not appropriate for publica-

(1) Martinez attacks the use of expert fingerprint comparison evidence for the purpose of identifying him as a person who was previously deported after a felony conviction. He suggests that it was improper under the principle set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and its progeny. *See, e.g., Domingo ex rel. Domingo v. T.K.,* 276 F.3d 1083, 1088 (9th Cir.2002); *United States v. Alatorre,* 222 F.3d 1098, 1100–02 (9th Cir. 2000); *United States v. Sherwood,* 98 F.3d 402, 408 (9th Cir.1996). However, whatever the merits of that position might be, in this case the overwhelming evidence, including Martinez' own admission that he was, indeed, the person who had previously been deported, made any error in the admission of fingerprint evidence entirely harmless. *See United States v. Hankey,* 203 F.3d 1160, 1166–67 (9th Cir.), *cert. denied,* 530 U.S. 1268, 120 S.Ct. 2733, 147 L.Ed.2d 995 (2000). Therefore, we will not reverse on this basis.[1]

(2) Martinez also claims that his admissions should have been excluded because he was not given *Miranda*[2] warnings properly. His primary claim is that his rights were not actually read to him, and that he was expressly misinformed about the purpose of the interview in question and promised a speedy deportation. But the INS agent testified to the contrary, and the district court accepted the agent's story. That was not clearly erroneous, and it binds us here. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *United States v. Amano,* 229 F.3d 801, 803 (9th Cir.2000); *United States v. Matta–Ballesteros,* 71 F.3d 754, 766 (9th Cir.1995).

Martinez also suggests that the agent was required to tell him that his admissions could be used to prosecute him for reentry after deportation. That, however, is not the law. *See Colorado v. Spring,* 479 U.S. 564, 577, 107 S.Ct. 851, 859, 93 L.Ed.2d 954 (1987); *Moran v. Burbine,* 475 U.S. 412, 422, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986); *see also California v. Beheler,* 463 U.S. 1121, 1125 n. 3, 103 S.Ct. 3517, 3520 n. 3, 77 L.Ed.2d 1275 (1983).

AFFIRMED.

---

tion and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** Martinez also grumbles that he was not given proper notice that an expert would testify as to the fingerprint comparison. However, he does not actually argue the issue on appeal and has, therefore, waived it. *See*

*Wilkins v. United States,* 279 F.3d 782, 786 (9th Cir.2002). At any rate, the district court offered to accommodate him by giving him an opportunity to obtain and present his own expert or other evidence; he didn't.

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).